**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:10-cr-00010-01

PATRICIA MCKINNEY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant Patricia McKinney's Motion for Reconsideration [Docket 54]. For the reasons stated below, the Court denies said motion.

Defendant argues that, under 18 U.S.C. § 3145, exceptional circumstances exist which make her detention inappropriate. In particular, Defendant argues that she has no criminal record; that the period of her criminal conduct was brief; that she exhibited extraordinary cooperation during and following her arrest; that there was no violence or history thereof; that she had a favorable pretrial services report; and that permitting her to self-report to the correctional institution designated by the Federal Bureau of Prisons would assist her in being assigned to a lower security level-rated institution.

Courts in various circuits have held that district courts can consider "exceptional circumstances" under 18 U.S.C. § 3145 in determining whether a Defendant should be detained post conviction. Goforth, 546 F.3d at 715-16; U.S. v. Carr, 947 F.2d 1239 (5th Cir. 1991); and U.S. v. DiSomma, 951 F.2d 494 (2d Cir. 1991). The courts have also found that the determination of

exceptional circumstances will generally be fact intensive, and must be determined on a case by case basis. Furthermore, at least one of these courts has indicated that "...the exception applies only where justified by exceptional circumstances. Hardships that commonly result from imprisonment do not meet the standard. The general rule must remain that conviction for a covered offense entails immediate incarceration. Only in truly unusual circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail pending appeal." U.S. v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003). Further, the Garcia court stated that "...the court should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors .... it would be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal." *Id.* at 1019.

The Court, in DiSomma, found that "...a merely substantial question may be sufficient, in the presence of one or more remarkable and uncommon factors, to support a finding of exceptional reasons for the inappropriateness of detention. As in many things, a case by case evaluation is essential..." DiSomma, 951 F.2d at 497.

First, the Court finds that Defendant McKinney stands convicted of an offense prohibited by the Uniform Controlled Substances Act, which carries a maximum term of imprisonment of twenty (20) years. Further, the Court finds, after review of the pretrial services report and Defendant's motion for reconsideration, that Defendant does not pose a risk of a non-appearance or a risk of danger to the community. However, the Court finds that no facts supporting exceptional circumstances (as that term has been shaped and defined by the applicable case law) were alleged at the plea hearing on March 23, 2010, or in the motion for reconsideration, that support the release of Defendant pending sentence.

Therefore, the Court **ORDERS** Defendant's Motion To Reconsider Detention Order [Docket 54] **DENIED** and **ORDERS** that Defendant be detained pending sentencing, and further **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshal.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshal.

ENTER: May 4, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA